UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| AT&T CORPORATION, ET AL. | CIVIL ACTION NO. 22-05172 |
| VERSUS | JUDGE DONALD E. WALTER |
| BRIGHTSPEED OF VIRGINIA, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

---

## MEMORANDUM RULING

Before the Court is a Rule 12(b)(1) partial motion to dismiss filed by Defendants Brightspeed of Virginia, LLC; Brightspeed of Louisiana, LLC; Brightspeed of Central Michigan, Inc.; Brightspeed of Alabama, LLC; Brightspeed of Central Arkansas, LLC; Brightspeed of Central Wisconsin, LLC; Brightspeed of Wisconsin, LLC; Brightspeed of Missouri, LLC; Brightspeed of Midwest Wisconsin, LLC; Brightspeed of Northwest Arkansas, LLC; Brightspeed of Northwest Wisconsin, LLC; Brightspeed of Southern Wisconsin, LLC; Brightspeed of North Central Wisconsin, LLC; Brightspeed of Western Wisconsin, LLC; CenturyLink of Florida, Inc.; CenturyLink of Minnesota, Inc.; Brightspeed of West Missouri, LLC; Brightspeed of East Missouri, LLC; Brightspeed of Indiana, LLC; Brightspeed of Ohio, Inc.; Brightspeed of Kansas, Inc.; and CenturyLink of North Mississippi, Inc. (collectively, "Lumen").[1] See Record Document 22. Plaintiffs AT&T Corporation, AT&T Mobility, LLC, and New Cingular Wireless PCS, LLC

---

[1] "Lumen is the name under which all the defendants did business when AT&T filed its Complaint; previously, those companies had done business as CenturyLink, Qwest, CenturyTel, Embarq, and under other names. Since AT&T filed its [C]omplaint, Lumen completed a transaction in which it sold off several of its local telephone company entities, which now do business as Brightspeed." Record Document 30 at 5-6 n.1 (citing Record Document 26).

(collectively, "AT&T") oppose the motion. See Record Document 36. For the reasons assigned below, Lumen's motion is **DENIED**.

## BACKGROUND

AT&T and Lumen are businesses which provide telecommunication services across the United States. See Record Document 1 at ¶ 1 and Record Document 22-1 at 3. Between 2009 and 2011, AT&T entered into three contracts under which AT&T was allowed to use Lumen's infrastructure to transmit data in return for payment to Lumen. See Record Document 1 at ¶ 3. As part of the contracts, Lumen agreed to implement safeguards to ensure uninterrupted service to Lumen's customers. See id. at ¶ 4. Specifically, the contracts required Lumen to maintain at least two geographically diverse connections between AT&T's network and Lumen's core network, and after a 2015 amendment to the contracts, Lumen agreed to design its network so that a "single point of failure" within the network would affect a limited number of cell sites. See id. AT&T alleges that Lumen failed to implement these safeguards, thereby breaching the parties' contracts. See id. at ¶ 77.

After the alleged breach, Lumen sought to enter into an agreement to sell part of its network to Connect Holdings, LLC ("Brightspeed"). See id. at ¶ 10. The portion of Lumen's network that it intended to sell to Brightspeed included the network infrastructure that Lumen provided to AT&T as part of the parties' contracts. See id. Accordingly, Lumen sought to assign portions of the contracts to Brightspeed. See id. AT&T insists that such an assignment required AT&T's consent, which it declined to give. See id. at ¶ 11.

On August 31, 2022, AT&T filed suit against Lumen "to recover damages, specific performance, and other remedies based on Lumen's breaches." Id. at ¶ 7. Relevant to the instant motion, AT&T also seeks "a declaration regarding the parties' rights and obligations under the

contracts, specifically that it has validly withheld consent to Lumen's proposed assignment to Brightspeed and, therefore, that Lumen cannot effectuate that assignment." Id. at ¶ 90. AT&T also asks the Court to impose "a permanent injunction enjoining Lumen from completing the proposed assignment absent AT&T's consent." Id. at ¶ 91.

After AT&T filed suit, Lumen and Brightspeed completed their transaction which was allegedly restructured in a way that made the proposed assignments unnecessary. See Record Document 22-1 at 4. Lumen explains that ultimately "the Brightspeed transaction was structured as a sale of ownership interests in multiple entities rather than a sale of those entities' assets and liabilities." Id. "Accordingly, while the ownership of certain [Lumen] entities would transfer to Brightspeed, AT&T would remain in a direct contractual relationship with those same entities before and after the Brightspeed transaction." Id.

## MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). "Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." Deakins v. Monaghan, 484 U.S. 193, 199, 108 S.Ct. 523 (1988). For this reason, "mootness is a threshold jurisdictional inquiry." La. Env't Action Network v. U.S. E.P.A., 382 F.3d 575, 580-81 (5th Cir. 2004). "In general, a claim becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" Id. at 581 (quoting Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181 (1982) (per curiam)). Thus, disputes that have been resolved are rendered moot for jurisdictional purposes. See id. However, "[w]here a controversy has been facially mooted by a defendant's voluntary cessation of a practice, the issue will not be moot unless 'it is absolutely clear that the allegedly wrongful behavior could not be reasonably expected to recur.'"

Richardson v. Saul, No. 20-CV-33, 2021 WL 1622001, at *3 (N.D. Miss. Jan. 13, 2021) (quoting Boerschig v. Trans-Pecos Pipeline, LLC, 872 F.3d 701, 704 (5th Cir. 2017)), R&R adopted in part, 2021 WL 1156621 (Mar. 26, 2021).

The party asserting jurisdiction has the burden under a Rule 12(b)(1) motion. See Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." Id. In the case of voluntary cessation, the "plaintiff [still] bears the burden to prove that the Court has jurisdiction, but . . . the defendant sometimes maintains a burden to establish that mootness exists." Hoffman v. Jindal, No. 12-CV-796, 2022 WL 969050, at *11 (M.D. La. Mar. 30, 2022). This burden is a heavy one. See United States v. W.T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 897 (1953) ("The case may nevertheless be moot if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated. The burden is a heavy one.") (internal footnote and quotations omitted).

## ANALYSIS

In its motion, Lumen argues that AT&T's sixth claim, which seeks a declaratory judgment and injunction relating to the proposed assignments, is moot because Lumen is no longer pursuing the proposed assignments. Lumen explains that although it initially sought to assign portions of the parties' contracts to Brightspeed as part of their transaction, Lumen and Brightspeed restructured their transaction in a way which made the assignments unnecessary. Accordingly, Lumen argues that "[b]ecause [Lumen] do[es] not seek to assign any portion of the contracts to Brightspeed, a declaration stating that AT&T can withhold its consent to those requested assignments or an injunction prohibiting Defendants from completing the assignments would not affect either party's rights." Record Document 22-1 at 2-3.

In response, AT&T argues that its claim for declaratory judgment and injunctive relief is not moot for three reasons. First, AT&T argues that Brightspeed has contacted AT&T since the Brightspeed transaction was executed to request that AT&T authorize the assignments. See Record Document 30 at 7. Second, AT&T notes that the Brightspeed transaction transferred much of Lumen's facilities, equipment, and systems to Brightspeed but did not transfer Lumen's obligations under the contracts and, thus, Lumen retains its obligations under the contracts, but no longer owns the infrastructure required to fulfill those obligations. See id. at 11. Finally, AT&T argues that to rely on Lumen's position that the restructuring of the Brightspeed transaction rendered the assignments moot would require the Court to resolve a factual dispute, which it claims is inappropriate when considering a mootness argument. See id. at 13 (citing Dierlam v. Trump, 977 F.3d 471, 478 (5th Cir. 2020)).

Lumen's position rests on the notion that it has voluntarily ceased the conduct at issue, i.e., seeking to assign certain contracts to Brightspeed. In support of its position, Lumen offers an affidavit of its Senior Director, Douglas Widdoes ("Mr. Widdoes"), in which Mr. Widdoes explains that Lumen no longer seeks to assign contracts to Brightspeed because the parties restructured their transaction in a way that renders assignment unnecessary. See Record Document 22-2 at ¶¶ 5, 7. However, Mr. Widdoes's assurances are not enough to show voluntary cessation. The Court does not doubt that Mr. Widdoes is earnest in his claims that Lumen presently has no intention of assigning any portion of the contracts at issue. Nevertheless, these statements alone do not make it clear that the contested conduct is not reasonably expected to reoccur. In this case, unlike cases in which there has been a "formally announced change[]" regarding an official policy,[2] AT&T and the Court must rely solely on Mr. Widdoes's statements that Lumen has

---

[2] See, e.g., Sossamon v. Lone Star State of Tex., 560 F.3d 316, 325 (5th Cir. 2009).

changed its position regarding the assignments and will not change it back again. The Court does not find that these statements alone satisfy Lumen's heavy burden to show voluntary cessation. See Caliste v. Cantrell, 329 F.Supp.3d 296, 306 (E.D. La. 2018) (finding that changes in a state court magistrate judge's allegedly unconstitutional sentencing procedures were not moot because the purported "changes were made only after . . . litigation was commenced and [the judge's] affidavit is not binding on his future procedures").

Lumen further alleges that its executed transaction with Brightspeed shows voluntary cessation. Lumen argues that since Lumen and Brightspeed executed a revised transaction, Lumen has no need to seek assignment. However, merely because Lumen completed the Brightspeed transaction without the assignments does not mean that Lumen does not have an incentive to assign the contracts to Brightspeed in the future. As AT&T points out, Lumen retains its contractual obligations to AT&T, but transferred much of the infrastructure needed to satisfy those obligations in the Brightspeed transaction. AT&T argues that this creates a practical issue for Lumen which may lead it to seek to assign the contracts in the future. Lumen briefly acknowledges this argument in a footnote, claiming that it "has no bearing on whether an assignment was required . . . ." Record Document 40 at 6 n.5. The Court agrees that this does not have any bearing on whether the Brightspeed transaction required Lumen to assign portions of its contracts with AT&T to Brightspeed. However, it does appear to present a very practical reason why Lumen may seek to assign the contracts to Brightspeed in the future.[3] AT&T has pled that Lumen no longer owns the equipment needed to satisfy its contractual obligations to AT&T and Lumen has not refuted that.

---

[33] Lumen argues that this position requires the Court to determine whether an assignment is necessary, and because AT&T's sixth claim does not request this, AT&T must amend its complaint before the Court may decide this. However, this analysis does not require the Court to determine whether an assignment is necessary; it merely requires the Court to determine whether there is good reason to believe that Lumen may seek assignment in the future.

Perhaps Lumen has alternative infrastructure or resources which it plans to use to satisfy its obligations to AT&T.  However, without knowing anything about those alternate plans, the Court is left to assume that Lumen may, in the future, need to assign the contracts to Brightspeed and seek to do so.  Accordingly, the fact that Lumen and Brightspeed have executed their transaction does not satisfy Lumen's burden to show voluntary cessation.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Lumen's motion to dismiss (Record Document 22) is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 1st day of March, 2023.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE